Crawford *vs.* The State of Georgia.

---

THOMAS CRAWFORD, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. This Court will not reverse the judgment of the Judge of the Superior Court refusing a new trial in a criminal case when there have been two verdicts of guilty, and the case turns wholly on the credibility of the witnesses.

2. When a motion was made in the Superior Court for a new trial, which was refused by the Court and a bill of exception to his judgment was tendered, signed, served and filed in the clerk's office, and after this, during the same term, a motion was made to rehear and set aside the judgment refusing the new trial, on the ground that the movant had discovered new and important evidence which ought to control the verdict, and the Judge failed to pass upon this latter motion, *pro or con*, but by an order directed the clerk to send it with the other papers, to this Court under the bill of exceptions:

*Held*, That, as the Judge has not passed upon this latter motion, it is still pending in the Superior Court, and cannot be considered here until it, be passed upon by the Court below.

New trial.   Bill of exceptions.   Judgment.   Before Judge
HOPKINS.   Fulton Superior Court.   October Term, 1872.

Thomas Crawford was placed upon trial for the offense of
burglary in the night time, and convicted.   He moved for a
new trial because the verdict was contrary to evidence and to
law.   The motion was overruled, and he filed his bill of ex-
ceptions.   Subsequent to this he presented to the Superior
Court a petition for a rehearing of the motion for a new
trial, upon the ground of evidence newly discovered since
the order was passed overruling said motion.   The petition
was supported by the affidavits of the witnesses.   The Court
directed that the affidavits embracing the newly discovered
evidence be made a part of the record in the case, and trans-
mitted to the Supreme Court.

It appeared from the record that the defendant had been
convicted at a previous term of the Court, and a new trial
had been awarded him.   The evidence upon the second trial,
being voluminous, is omitted as unnecessary to an under-
standing of the opinion.

Error is assigned upon the refusal of a new trial.

THRASHER & THRASHER, for plaintiff in error.

JOHN T. GLENN, Solicitor General, for the State.

McCAY, Judge.

1. It cannot be denied that the verdict in this case is not
supported by evidence of much weight.   True, the witness
does testify that he did, in fact, on the night in question, rec-
ognize the prisoner as the person he found under the bed, and
who assaulted and beat him, and in all probability stole the
missing articles.   But his statements made that very night to
the policeman, and to the other persons to whom he told the
story, as well as his statements made next day to Lynch, and
his extraordinary neglect to inform the police that night or
next day who the burglar was, do certainly throw strong

doubt upon what he says. Still, it is for the jury 'to weigh the evidence, and whilst, as a juryman, I should not convict a man on any such evidence, yet, as two juries have in fact done it, and the Judge has refused to interfere, we do not feel authorized to do so. The jury is the tribunal provided by law to pass upon the facts, and especially to consider the credibility of witnesses, and if they believe one man instead of three, or credit a story of a witness that does not appear to us probable, it may be that there was something in the manner of the witness or in his character, which justifies them in the conclusion.

2. The motion based on the newly discovered testimony is not before us. The Judge has never passed upon it. It is still pending. Having been made during the term at which the new trial was refused, it is not too late, even though the bill of exceptions was filed, and it was not, perhaps, proper for the Judge to pass upon it while the bill of exceptions was undisposed of, yet, as the motion was made during the term, it is a pending motion.

We do not undertake to say what the Judge ought to do with this motion. We will, however, say that we think the verdict very weakly supported by the evidence, and that if there be no rule of law in the way, the principles of justice would indicate that any new evidence of weight, discovered in good faith since the trial, ought to be seized upon to grant it.

Judgment affirmed.